IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE SESSION, 1998

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9710-CR-00406 |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. DAILEY |
| ANTONIO L. SAULSBERRY | ) | JUDGE |
| & FRANKLIN C. HOWARD, | ) | |
| | ) | |
| Appellants. | ) | (First Degree Murder; Aggravated |
| | ) | Robbery) |

FILED

December 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## OPINION DISSENTING IN PART

The evidence in this case would unquestionably be sufficient to support a conviction of Defendant Howard for felony murder in the first degree. His guilt of felony murder would obviously be predicated on his participation in the aggravated robbery.

As I understand our law, to convict Howard of premeditated first degree murder would require proof that he acted with the intent to assist the shooter in the commission of the premeditated and intentional first degree murder of the victim. I agree with the majority that Howard cannot escape criminal responsibility for premeditated murder by "claiming he did not share the criminal intent or premeditation with the actual triggerman." Our law mandates, however, that Howard escape criminal responsibility for premeditated murder unless the State proves beyond a reasonable doubt that Howard <u>did</u> share the shooter's

criminal intent for premeditated and intentional murder. I do not find this proof in the record. I also cannot agree that a <u>premeditated</u> murder is a natural and probable consequence of an especially aggravated robbery.

I must therefore respectfully dissent from the majority's conclusion that the evidence is sufficient to support Defendant Howard's conviction of premeditated first degree murder. In all other respects, I concur.

_____
DAVID H. WELLES, JUDGE